IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| |
|---|
| **GERMAN SALBIEV**, <br><br> *Petitioner*, <br><br> v. <br><br> **JAMAL L. JAMISON, Warden Of Philadelphia Federal Detention Center, et al.**, <br><br> *Respondents.* |

**Case No. 2:26-cv-04726-JDW**

**MEMORANDUM**

On July 28, 2026, German Salbiev filed a Petition For Writ of Habeas Corpus (ECF No. 1) along with a Motion For Temporary Restraining Order (ECF No. 2), alleging that the government has unlawfully detained him in violation of 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act. According to Mr. Salbiev, the Government incorrectly claims that it is detaining him pursuant to 8 U.S.C. § 1225(b)(2) but is actually detaining him pursuant to 8 U.S.C. § 1226(a), which requires that he be given a bond hearing. The Government responded to Mr. Salbiev's Petition and explained that it is detaining him pursuant to the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E). Mr. Salbiev did not file a reply.

Because Mr. Salbiev does not contest the government's assertions, I conclude the following:

1. Mr. Salbiev, a Russian national, did not possess a valid entry document at the time he entered the United States and applied for admission;

2. Mr. Salbiev was convicted of Petit Larceny in violation of Va Code Ann. § 18.2-96 for stealing less than $1,000 of property from a Walmart store in Virginia; and

3. The government detained Mr. Salbiev pursuant to the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E).

In the context of a habeas petition, the petitioner bears the burden of showing that his confinement is unlawful. *Hawk v. Olson*, 326 U.S. 271, 279 (1945). Mr. Salbiev has failed to do so on both a statutory and constitutional basis.

Mr. Salbiev has failed to show that his detention violates a statute. That's because his detention fits within the framework set forth in the Laken Riley Act. Section 1226(c)(1)(E) of the Act requires the Attorney General to detain "any alien who … is inadmissible under [8 U.S.C. § 1182(a)(7)]" and "is arrested for … larceny," which is given its meaning by "the jurisdiction in which the acts occurred." 8 U.S.C. §§ 1226(c)(1)(E), (2). An alien is "inadmissible" under Section 1182(a)(7) if he was "not in possession of a … valid entry document" at the time he applied for admission. Mr. Salbiev does not dispute that he lacked a valid entry document at the time he applied for admission and is thus inadmissible under Section 1182(a)(7). Nor does he dispute that he was convicted of larceny in Virginia for acts he committed in Virginia. Thus, Mr. Salbiev squarely fits within

2

the statutorily defined group of aliens that the Laken Riley Act requires the Attorney General to detain.[1]

Mr. Salbiev also fails to show his detention is unconstitutional. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Mr. Salbiev argues that this clause "applies to all persons within the United States, including non-citizens," and thus protects him against the government's detention without a bond hearing. (ECF No. 1 at 8.) But while "[i]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings," the Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (internal quotation marks omitted). Indeed, when presented with a due-process challenge to an earlier version of Section 1226(c), the Supreme Court upheld the mandatory detention provision as constitutional, explaining that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. Here, Mr. Salbiev does not challenge the government's assertion that he is being held under Section 1226(c). Nor does he challenge that he currently is in deportation proceedings. Thus, in light of the

---

[1] Mr. Salbiev has also failed to show that his detention violates the Administrative Procedure Act. His entire APA theory is based on his argument that the government is detaining him under Section 1226(a). But the Government is not detaining Mr. Salbiev under Section 1226(a). It is detaining him under 8 U.S.C. § 1226(c). Therefore, his APA challenge is irrelevant to whether his detention is lawful.

Supreme Court's holding in *Demore* and Mr. Salbiev's failure to contest the government's

assertions, I hold that Mr. Salbiev has not shown his detention is unconstitutional.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

August 10, 2026